Marshall, Ch. J.,
delivered the opinion of the court. — The question in this case is, whether the executor of a person who dies in a foreign country, can maintain an action in this, by virtue of letters testamentary granted to him in his own country.
It is contended, that this case differs from that of an administrator, which was formerly decided in this court, because an administrator derives his power over the estate of his intestate from the grant of the administration ; but an executor derives it from the will of his testator, which has invested him with his whole personal estate, wherever it may be. This distinction does certainly exist; but the consequences deduced from it, do not seem to follow. If an executor derived from the will of his testator a power to. maintain a suit, and obtain a judgment for a debt due to his testator, it would seem reasonable, that he should exercise that power, wherever the authority of the will was acknowledged; but if he maintains the *suit by virtue of his letters testamentary, he can only sue in courts to *- which the power of those letters extends. It is not, and cannot be denied,, that he sues by virtue of his letters testamentary; and consequently, in this, particular, he comes within the principle which was decided by the court in the case of an administrator.
All rights to personal property are admitted to be regulated by the laws-of the country in which the testator lived ; but the suits for those rights, must be governed by the laws of that country in which the tribunal is. placed. No man can sue in the courts of any country, whatever his rights, may be, unless in conformity with the rules prescribed by the laws of that, country. The court can perceive the inconvenience which may often result from this principle, but it is an inconvenience for which no remedy is within the reach of this tribunal.
Judgment affirmed.